**UNITED STATES of America,**
**Appellant–Cross–Appellee,**

v.

**Birj DECKMEJIAN, Defendant–**
**Appellee–Cross–Appellant.**

**Nos. 04–3771CR, 04–3772CR.**

United States Court of Appeals,
Second Circuit.

March 23, 2005.

John J. Powers, III, Steven J. Mintz, Attorneys, United States Department of Justice, Antitrust Division (R. Hewitt Pate, Assistant Attorney General; Makan Delrahim, James M. Griffin, Deputy Assistant Attorneys General; Ralph T. Giordano, Rebecca Meiklejohn, Douglas M. Tween, Elizabeth Prewitt, Attorneys, United States Department of Justice, Antitrust Division, on the brief), for Appellant–Cross–Appellee.

George L. Santangelo, New York, N.Y. (Domenick J. Porco), for Appellee–Cross–Appellant, of counsel.

Present: NEWMAN, STRAUB, and WESLEY, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Government's appeal in No. 04–3771 is **DISMISSED,** and that the judgment of the District Court in No. 04–3772 is hereby **REMANDED** for further proceedings consistent with this order.

This appeal and this cross appeal follow a judgment of conviction and sentence of three years' probation (with home confinement) and restitution of $186,000 imposed upon defendant-appellee-cross-appellant Birj Deckmejian. The judgment of conviction and sentence was entered in the United States District Court for the Southern District of New York after defendant was convicted by a jury of conspiring to commit mail fraud in violation of 18 U.S.C. § 371. In sentencing defendant, the District Court added two enhancements based on its own factual determination of the actual or intended loss from the offense and the level of planning involved. However, the District Court departed downward from a Guidelines range of twenty-four-to-thirty months' imprisonment on the basis of defendant's exceptional medical needs.

The government appealed the downward departure, as well as the District Court's waiver of the prescribed fine. The defendant cross-appealed, on Sixth Amendment grounds, the District Court's sentencing enhancements (which affected its calculation of restitution). On February 23, 2005, the government moved to dismiss its appeal. On March 2, 2005, the defendant informed this Court that he seeks a remand in light of the Supreme Court's decision in *United States v. Booker,* — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and this Court's decision in *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005). On

March 4, 2005, the parties stipulated to said remand.

Accordingly, the Government's appeal in No. 04–3771 is hereby **DISMISSED**, and the judgment of the District Court in No. 04–3772 is hereby **REMANDED** for further proceedings in conformity with *Crosby*.